Filed 3/8/24  P. v. Villery CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HENRY LOYD VILLERY,<br><br>    Defendant and Appellant. | B323185<br><br>(Los Angeles County<br>Super. Ct. No. TA060012) |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Reversed.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review this appeal from an order denying a petition for resentencing under former Penal Code section 1170, recently recodified as Penal Code section 1172.1.[1]  We reverse.

## BACKGROUND

On August 16, 2001, the People charged appellant by amended information with two counts of attempted willful, deliberate and premeditated murder in violation of sections 664 and 187, subdivision (a); one count of shooting at an occupied motor vehicle in violation of section 246; two counts of discharging a firearm with gross negligence in violation of section 246.3; and one count of first degree burglary in violation of section 459.  The amended information also alleged, as to several of the counts, that appellant personally used a firearm, personally discharged a firearm, and inflicted great bodily injury within the meaning of sections 12022.53, subdivisions (b), (c), and (d); section 12022, subdivision (a)(1); and 12022.7, subdivision (a).

On August 27, 2001, Villery entered a plea of no contest to one count of attempted murder and to the allegation that he personally discharged a firearm in connection with the attempted murder.  He also pled no contest to first degree burglary and to the allegation that he personally used a firearm in connection with the first degree burglary.  Based on the plea, the trial court found appellant guilty of the substantive counts and found the enhancement allegations true.  The trial court sentenced Villery to 31 years four months in prison: the upper term of nine years for the attempted murder plus 20 years for the section 12022.53,

---

[1]    Undesignated statutory references are to the Penal Code.

2

subdivision (c) enhancement; one-third the mid-term (16 months) consecutive for the burglary plus one year for the section 12022, subdivision (a)(1) enhancement.  The remaining counts and allegations were dismissed.

On April 10, 2017, the Department of Corrections and Rehabilitation (CDCR) wrote to the court and advised it that the one-year term imposed for the firearm enhancement attached to the first degree burglary count should have been one-third the middle term of imprisonment, that is, four months.  On April 28, 2017, in response to CDCR's letter, the trial court amended the sentencing minute order nunc pro tunc to reduce the one-year term for the enhancement on the burglary to four months.  The court ordered preparation of an amended abstract, but the record does not show that an amended abstract was ever filed.

In July 2021, Villery was allowed to review his central prison file in preparation for a parole hearing and he discovered two letters concerning error in his sentencing.  In August 2021, he contacted Calipatria Prison Correctional Case Records and asked if his sentence had been corrected.  According to Villery, they told him it had not been corrected.

In September 2021, Villery contracted a serious case of COVID and was hospitalized.  He returned to his usual prison housing in October 2021.  That same month his housing unit was placed on medical quarantine due to a COVID outbreak.  The quarantine was lifted on December 10, 2021.

On January 10, 2022, Villery moved the trial court to correct his sentence, explaining that the prison had informed him it did not have a record of the sentence ever being corrected.

On July 22, 2022, without appointing counsel the trial court considered the motion in Villery's absence and noted the sentence had been previously corrected and a certified copy of the amended abstract had been sent to CDCR. It denied the motion for resentencing and ordered the clerk to "resend" the amended abstract of judgment to CDCR. Instead, on August 19, 2022, the clerk issued a first "amended" abstract of judgment reflecting the corrected sentence. On August 5, 2022, Villery filed a timely notice of appeal from the denial of his request for resentencing.

We appointed counsel to represent appellant on appeal. On March 29, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us she had told appellant he may file his own supplemental brief within 30 days. Counsel sent appellant transcripts of the record on appeal as well as a copy of the brief.

On March 30, 2023, this court sent appellant a notice that a brief raising no issues had been filed on his behalf. We advised appellant he had 30 days within which to submit a supplemental brief or letter stating any grounds for appeal he believes we should consider. We also advised appellant that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

Appellant filed a supplemental brief. He contends CDCR never received the original amended abstract from April 28, 2017. Appellant acknowledges that, in response to his motion, the court issued an amended abstract correcting the sentencing error. Nevertheless, appellant contends the amended abstract is void because nunc pro tunc orders cannot be used to correct judicial error.

4

We asked appellant's counsel and the Attorney General to supply supplemental briefing on whether the use of a nunc pro tunc order in this circumstance was proper. We have received and reviewed counsel's briefing.

Villery is correct that the nunc pro tunc order in this case is void. "[C]ourts have inherent authority to correct clerical errors in a sentence at any time. . . . This nunc pro tunc authority, however, is limited to true clerical errors." (*People v. Kim* (2012) 212 Cal.App.4th 117, 123–124.) The distinction between clerical error and judicial error is " ' "whether the error was made in rendering the judgment, or in recording the judgment rendered." ' " (*Id.* at p. 124*; Sannmann v. Department of Justice* (2020) 47 Cal.App.5th 676, 683.) When a trial court issues a nunc pro tunc order changing a sentence that was the result of judicial error, the order is void "because it was an act in excess of jurisdiction." (*Kim,* at p. 124.)

The trial court's original act of "correcting" the sentence by a nunc pro tunc order was void. Thus, no effective action has been taken on CDCR's recommendation. We note that in 2019, when the trial court received the CDCR letter, the court could only correct the original sentence pursuant to the provisions of former section 1170.[2] That section requires that when acting on a request by CDCR to recall and correct a sentence, the trial court must set a hearing, give notice to the defendant, and

---

[2] Effective January 1, 2022, the recall and resentencing provisions of former section 1170 were revised and moved to former section 1170.03. (Stats. 2021, ch.719, § 3.1.) Effective June 30, 2022, the provisions of former section 1170.03 were revised and renumbered as section 1172.1. (Stats. 2022, ch. 58, § 9.)

appoint counsel on defendant's behalf.  It also gives the resentencing court jurisdiction to modify every aspect of the sentence, not just the portion subject to recall.  (Former §§ 1170, subd. (d)(1), 1170.03, subd. (a)(1), (7) & (8).)  The trial court did none of this.

The trial court's attempt to correct Villery's sentence shows the trial court recognized that the sentence should have been corrected.  Accordingly, we remand this matter for a resentencing hearing pursuant to section 1172.1.  The provisions of this section apply "regardless of whether the original sentence was imposed after a trial or a plea agreement." (§ 1172.1, subd. (a)(3).)

Appellant's second contention is that he never admitted the enhancement allegations.  Instead he stated "no contest" when the trial court asked him whether he admitted or denied the allegations.  This, he contends, renders his sentence unauthorized by law.

Appellant did not raise this issue in the trial court and we decline to consider it for the first time on appeal.  Were we to do so, we would reject the contention.  In California the legal effect of a no contest plea is the "same as that of a plea of guilty for all purposes." (§ 1016; *People v. Bradford* (1997) 15 Cal.4th 1229, 1374–1375.)

## DISPOSITION

The order is reversed and this matter is remanded for a resentencing hearing in accordance with section 1172.1.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



GRIMES, J.



WILEY,  J.

7